# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAMMY ANN NICKERSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 19-10418-FDS |
| CHAMPION MORTGAGE LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, this action is dismissed without prejudice.

## I.     Background

On March 5, 2019, Pammy Ann Nickerson, proceeding *pro se*, filed a complaint on behalf of herself and the Estate of Ronald Spaulding Pickard. With the complaint, plaintiff filed a motion seeking to enjoin a hearing scheduled for March 13, 2019, in the Southeastern Housing Court. Although Nickerson signed the motion, the complaint does not contain her signature, nor the signature of Charles H.I. Foltz, who is identified as a "Private Attorney General, Attorney in Fact."

The Court's records indicate that one day earlier, on March 4, 2019, Nickerson initiated a civil action in this court by filing a complaint accompanied by a motion seeking leave to proceed *in forma pauperis*. *See* Docket, C.A. No. 19-10401-NMG (pending). In that action, Nickerson asserted the same claims, and sought the same injunction relief, as in the present action.

## II. Application of the Prior Pending Action Doctrine

The "prior pending action" doctrine provides that the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit. *Bourne v. Gardner*, 270 F. Supp. 3d 385, 388-389 (D. Mass. 2017) (citing *Quality One Wireless, LLC v. Goldie Grp.*, LLC, 37 F. Supp. 3d 536, 540–41 (D. Mass. 2014)). The doctrine permits a court to stay or dismiss the later action if (1) there is an "identity of issues" between the earlier and later cases and (2) the earlier action will determine the controlling issues in the later case. *Quality One Wireless*, 37 F. Supp. 3d at 541.

Here, Nickerson's two actions are sufficiently similar for purposes of the doctrine. The same defendants are named in the earlier action and both complaints are identical as to the following paragraphs: (II) Basis for Jurisdiction; (III) Statement of Claim; (IV) Irreparable Injury; and (V) Relief. *See* Docket No. 1 in C.A. No. 19-10401-NMG.

Under the circumstances, because the two complaints present identical facts and issues, and because the adjudication in the earlier action will likely determine the issues presented in the present action, dismissal of the second action is appropriate.

## III. Nickerson's Motion for Injunctive Relief

To the extent Nickerson seeks to enjoin a hearing in state court, such relief is unavailable based upon the Anti-Injunction Act, 28 U.S.C. 2283. The Anti-Injunction Act applies when the proposed injunction would either stay ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of*

*Locomotive Eng'rs*, 398 U.S. 281 (1970).  In any event, Nickerson's request has already been denied in the earlier action.  *See* Docket Entry No. 6, C.A. No. 19-10401-NMG.

**IV.     Conclusion**

For the foregoing reasons, this action is DISMISSED without prejudice.

**So Ordered.**

Dated:  March 21, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge